UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JUSTIN STEVENS,

    Plaintiff,

    v.                                     CAUSE NO. 1:22-CV-417-HAB-SLC

DAVE MEYERS,

    Defendant.

OPINION AND ORDER

Justin Stevens, a prisoner without a lawyer, submitted a letter to the court complaining about the medical care he was receiving at the DeKalb County Jail. ECF 1. It was unclear whether he intended to initiate a federal lawsuit, so he was given the opportunity to file a complaint on the court's approved form if he wished to start a lawsuit. ECF 2. He has done so. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stevens alleges that on November 1, 2022, he notified Nurse Dave Meyers about a problem with his arm. Nurse Meyers diagnosed it as an ingrown hair, prescribed him 10 days of antibiotics and ibuprofen, and wrapped his arm with gauze. The course of

antibiotics finished on Friday, November 11, and Stevens complains that Nurse Meyers did not check on him that day or the following Monday. Stevens alleges his arm was still leaking puss. On Tuesday, Nurse Meyers explained to Stevens that he did not check on him earlier because he "completely spaced it." ECF 5 at 2.

Stevens alleges that jail staff started taking pictures of his arm and taking his vitals on November 20, 2022, only after they learned that he had filed this lawsuit. Nurse Meyers, likewise, put him on the doctor's list only after he learned about the lawsuit. Stevens says he notified Nurse Meyers that his arm was still discharging yellowish-green fluids, but Nurse Myers did not prescribe more antibiotics or take further steps to treat the wound. Stevens says that he was later prescribed another round of antibiotics and Tylenol by an unnamed staff member. He adds that on November 23, 2022, another nurse took pictures of his arm and sent them to a doctor.

Stevens had been convicted and was serving his sentence at the DeKalb County Jail when the events of the complaint took place. ECF 5 at 4. Therefore, his constitutional protections derive from the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350 (2018) (noting that convicted prisoners' medical claims fall under the Eighth Amendment). Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "This is a high bar because it requires a showing of something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (quotation marks and brackets omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir.

2010). Furthermore, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Stevens complains that Nurse Meyers did not examine his arm in the days after he completed the first round of antibiotics because he "completely spaced it." ECF 5 at 2. This does not state an Eighth Amendment claim because Nurse Meyers' negligence in forgetting to check on Stevens does not plausibly allege that he was deliberately indifferent to Stevens' medical needs. Nor is there enough information in the amended complaint about Stevens' later interactions with Nurse Meyers to reasonably infer that his decision not to prescribe another round of antibiotics right away was a substantial departure from acceptable professional judgment. Overall, the amended complaint does not provide enough information about what happened and when to plausibly allege that Nurse Meyers' conduct was more than medical malpractice, which is not enough to state a constitutional claim.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Stevens may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Justin Stevens until **February 23, 2023**, to file an amended complaint; and

(2) CAUTIONS Justin Stevens if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 24, 2023.

                                            s/Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT